UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JEROME M. BELL,

                              Plaintiff,

  v.                                                  9:18-CV-0783
                                                                (MAD/ATB)

SERGEANT CARSON, et. al.,

                              Defendants.

---

APPEARANCES:

JEROME M. BELL
32379
Plaintiff, Pro se
Oneida County Correctional Facility
6075 Judd Road
Oriskany, NY 13424

BROOME COUNTY ATTORNEY'S OFFICE           Jennifer L. Suwak, Esq.
Broome County Office Building
60 Hawley Street
P.O. Box 1766
Binghamton, NY 13902-1766
Attorney for Defendants

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Jerome M. Bell ("Plaintiff") commenced this action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") with a request for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 2 ("IFP Application"). In the Complaint,

1

Plaintiff sought relief for the alleged violation of his Eighth and Fourteenth Amendment rights during his confinement at Broome County Correctional Facility ("Broome County C.F."). By Decision and Order of this Court filed July 12, 2018 (the "July Order"), the Court granted Plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. *See* Dkt. No. 4. On the basis of that review, the Court directed defendants Sergeant Carson ("Carson") and C.O. Connors ("Connors") to respond to Plaintiff's excessive force and failure to intervene claims. *See generally*, Dkt. No. 4. The Court dismissed Plaintiff's claims against Correctional Medical Care, Inc. ("CMC"). *Id*. at 7.

Presently before the Court is Plaintiff's Amended Complaint. Dkt. No. 14. On October 24, 2018, before this Court reviewed the sufficiency of the amended pleading in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, Carson, identified as "Carlson," and Connors filed an Answer to the Amended Complaint. Dkt. No. 15.

## II. REVIEW OF THE AMENDED COMPLAINT

### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the July Order and it will not be restated in this Decision and Order. *See* July Order at 2-4.

### B. Summary of Amended Complaint

The factual recitation set forth in the Amended Complaint is substantially similar to what was set forth in the original complaint except for the addition of a new medical care claim that arose while Plaintiff was incarcerated at Broome County C.F. *Compare* Compl.

2

*with* Am. Compl. In connection with the new medical care claim, Plaintiff adds one new defendant - Dr. Boot - and asserts allegations of wrongdoing against him.[1]  *See id.*

In the July Order, the Court summarized the relevant facts as follows:

> In February 2018, while confined at Broome County C.F., plaintiff was "attacked" by Sgt. Carson. Compl. at 5.3 This incident occurred shortly after plaintiff was removed from Dpod by Sgt. Carson and C.O. Connors and taken to a holding cell. *Id*. at 6-7. Sgt. Carson pushed plaintiff into a small room near "intake" and proceeded to twist his arm up behind his head so hard it "crack[ed] and pop[ped]." *Id*. Sgt. Carson rammed plaintiff's head into the wall two times. *Id*.
>
> During his confinement at Broome County C.F., plaintiff repeatedly requested medical treatment for his serious foot condition. Compl. at 7. Dr. Boot (not a named defendant) failed to properly evaluate and treat plaintiff's infection. *Id.* As a result plaintiff "can't walk and could lose [his] toes." *Id*.

Dkt. No. 7 at 4.

### C. Analysis

#### 1. Previous Claims

As a result of the review of the original Complaint, the Court held that a response to Plaintiff's excessive force and failure to intervene claims was required from Sgt. Carson and C.O. Connor. These claims are repeated and realleged in the Amended Complaint and thus, survive review as well.

#### 2. Claim Against CMC

In the July Order, recognizing that Courts have treated CMC as a municipality or a quasi-municipality and have addressed claims against CMC under the standards set forth in *Monell v. Department of Social Services*, the Court dismissed the claims against CMC

---

[1] The Clerk of the Court is directed to add Dr. Boot as a defendant herein.

holding:

> Upon review, and with due regard for plaintiff's status as a pro se litigant, the Court finds that plaintiff has not alleged facts which plausibly suggest that one of "three methods of pleading a Monell claim have been met here." *Iacovangelo*, 624 Fed. App'x at 13-14.[2]

Dkt. No. 4 at 7.

Despite the fact that Plaintiff was afforded the opportunity to amend his Complaint, the amended pleading does not cure the deficiencies in the prior pleading in this regard. For the reasons set forth in the July Order, Plaintiff's claims against CMC are dismissed.

### 3. Claims Against Dr. Boot

In the Amended Complaint, Plaintiff asserts Fourteenth Amendment deliberate medical indifference claims against Dr. Boot. Am. Compl. at 1, 3, 7. Specifically, Plaintiff alleges that he submitted "many" sick call requests related to his feet, but that Dr. Boot never "reach[ed] out to the hospital" or his "doctor" about medications. Am. Compl. at 7.

"A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Such a claim is typically analyzed under a two-pronged standard. First, the pretrial detainee must satisfy the "objective prong" showing that the conditions were "sufficiently serious" as to constitute objective deprivations of constitutional rights. *Id*. at 29. To satisfy the objective prong, "'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health,' which includes the risk of serious damage to 'physical

---

[2] The Court also noted that Plaintiff's use of the generic term "CMC Medical Staff" did not state a claim against a "person" as required in Section 1983 actions. *See* Dkt. No. 4 at 7.

4

and mental soundness.'" *Id.* (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013); *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). The objective prong of the deliberate indifference claim is the same as a convicted prisoner under the Eighth Amendment. *Darnell*, 849 F.3d at 30.

Second, the pretrial detainee must satisfy the "subjective prong" by showing that the officer acted with deliberate indifference to the challenged conditions. *Darnell*, 849 F.3d at 29. As to the "mens rea" prong, a pretrial detainee must allege facts showing that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35; *see Bruno v. City of Schenectady*, 2018 WL 1357377 (2d Cir. 2018).

Here, the pleading is devoid of any allegation suggesting that Plaintiff suffered from a serious injury. Rather, Plaintiff has alleged in only generic fashion that he suffered from a "bad condition" and a "green infection" related to his feet. See Am. Compl. at 7. *See Watson v. Doe*, No. 1:15-CV-1356 (BKS/DEP), 2016 WL 347339, at *3 (N.D.N.Y. Jan. 28, 2016) (finding that plaintiff failed to allege a serious medical need where allegations about pain were generic); *Munlyn v. Pietrie*, No. 13-CV-6170, 2014 WL 3695488, at *6 (W.D.N.Y. July 24, 2014) (finding that the complaint failed to allege a serious medical condition where only allegation was that the plaintiff "was 'in pain,'" and there were no allegations regarding, among other things, "the level or extent of the pain . . . any resulting inability to engage in normal activities, or any harm consequently experienced or likely to occur").

Even assuming that Plaintiff suffered from a serious medical need, Plaintiff does not

set forth facts to plausibly suggest that Dr. Boot denied medical care for that need. The Amended Complaint lacks facts related to when, or how many times, Plaintiff requested treatment from Dr. Boot or facts suggesting that Dr. Boot acted with a culpable state of mind. Essentially, the allegations against Dr. Boot amount to a disagreement with the nature of treatment and not a violation of Plaintiff's constitutional rights. *See Wright v. Conway*, No. 05-CV-6723, 584 F.Supp.2d 604, 607 (W.D.N.Y. Nov. 5, 2008) ("[the plaintiff's] complaints demonstrate no more than his personal dissatisfaction with the level of care that he received, and these claims must therefore be dismissed."); *see Sonds v. St. Barnabas Hosp. Corr. Health Servs.,* 151 F.Supp.2d 303, 312 (S.D.N.Y. 2001) ("[D]isagreements [between a prisoner and prison officials] over medications . . . are not adequate grounds for a section 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment.") [citation omitted].

Even if Dr. Boot's decisions surrounding Plaintiff's treatment implicate medical malpractice or negligence, the issues do not give rise to an Eighth Amendment violation. *See Hendricks v. Coughlin,* 942 F.2d 109, 113 (2d Cir. 1991) (holding that proof of negligence will not give rise to a constitutional violation); *see McNamee v. Schoharie County Jail*, 06-CV-1364 (LED/GHL), 2008 WL 686796, at *6-7 (N.D.N.Y. March 10, 2008). Plaintiff's conclusory deliberate indifference claims are not supported by facts suggesting that Dr. Boot knew of and disregarded an excessive risk to Plaintiff's safety or "recklessly failed to act" in response to his medical needs. Thus, Plaintiff's constitutional claims related to his medical care against Dr. Boot are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 14) is accepted for filing and is the operative pleading; and it is further

**ORDERED** that Plaintiff's excessive force and failure to intervene claims against Sgt. Carson and C.O. Connors claims are accepted for filing and require a response; and it is further

**ORDERED** that all remaining claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;[3] and it is further

**ORDERED** that Dr. Boot and CMC are **DISMISSED** as defendants to this action; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: November 15, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[3] Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.130 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec.*, *Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

7